## Bowen *against* Cooper.

The award of an arbitrator made in pursuance of a parol submission, settling and fixing a boundary line in dispute between the owners of adjoining lands, is conclusive between them.

ERROR to the common pleas of *Bradford* county.

Abner Bowen against Robert Cooper. This was an action of trespass *quare clausum fregit,* which involved a difference between the parties as to the location of the boundary line between their lands.

It appeared in evidence, that a few years before this suit was brought the parties differed about their division line, and, by the advice of a friend, they agreed by parol to refer the subject to a surveyor as an arbitrator, by whose award they were to be bound. They also chose the chain carriers; and they all met upon the ground, and after an examination of the premises, the arbitrator ran, fixed and marked the line on the ground. The plaintiff expressed his dissatisfaction with the result at the time. The court below (Herrick, President) instructed the jury that the parol submission and award were conclusive of the rights of the parties, although the arbitrator had based his award upon an erroneous principle.

*Watkins* and *Williston,* for plaintiff in error, cited, 1 *Dall.* 339; 3 *Yeates* 567; 1 *Wash. C. C.* 56; 5 *Serg. & Rawle* 52; 4 *Dall.* 122.

*Ellwell,* for defendant in error, cited, 3 *Serg. & Rawle* 331; 15 *Johns. Rep.* 199; 9 *Johns. Rep.* 43; 15 *Serg. & Rawle* 169; 6 *Watts* 360.

The opinion of the Court was delivered by

KENNEDY, J.—This case presents but one single question, and that is, whether a parol submission and the award of the arbitrator made in pursuance thereof, settling a dispute between two owners of adjoining lands, held by them in severalty in fee, as to the dividing line thereof, be binding and conclusive upon them, so that the award cannot be set aside for or on account of any mistake which the arbitrator may have committed either in law or fact.

The award here must be taken as one made under a submission at common law; and being made by a judge of the parties' own choosing, no exception can be taken to his judgment, either as to matter of fact or law. Nothing short of corruption or partiality

[Bowen v. Cooper.]

shown on his part will be considered sufficient in law to set the award aside. The award here, as it seems to me, may very properly be viewed and regarded as having the effect of an agreement of compromise entered into between the parties, settling this dispute as to the true boundary between them of their respective lands, which has been carried into complete execution by them; for the arbitrator having been selected and chosen by them mutually, to act for and on behalf of each of them in the matter, his acts may therefore with propriety be considered as their acts; and every thing he did in running, marking and fixing the line of division between their respective lands, as acts done by themselves in pursuance and in execution of their agreement. It is a great mistake if it be supposed necessary, in order to render an award made in pursuance of either a parol or written submission binding, that it should receive the assent of the parties, or that of either of them, after it is made. The submission itself renders this unnecessary, though it be unaccompanied by an express promise of the parties to perform or abide by the award, whatever it may be; because the mere agreement of submission itself implies all this, and raises an obligation upon the parties to that effect, which does away the necessity of any subsequent assent of the parties approving of the award after being made. M'Manus *v.* M'Culloch, 6 *Watts* 350. Besides, it appears to me that the authority conferred by the submission, on the arbitrator, may be considered sufficient to make his acts and decisions, in regard to every thing coming within the terms of the submission, the same as the acts of the parties themselves, done in pursuance of their agreement. Hence the decision of the arbitrator in determining where the dividing line should be run may be regarded as equivalent to the agreement of the parties that it should be fixed there; and his designation and marking of it on the ground in conformity to his decision, as the acts of the parties themselves carrying their own agreement into complete execution. Considered in this point of view, the most formidable objection that has been presented against the award's being considered binding would seem to be removed: I mean the statute against frauds and perjuries, which requires that every contract made for the purpose of passing a right or interest in lands, except leases thereof made not exceeding the term of three years, shall be reduced to writing and signed by the party himself granting the same, or by his agent authorized by writing under the hand of his principal to do so. But as parol contracts for passing lands or making partition thereof between tenants in common have been held good when carried into execution and thereby taken out of the statute, so all that was determined on and done by the arbitrator in settling and fixing the boundary line between them may here be considered, in law and in effect, as the agreement of the parties, carried by them into complete execution; that is, as if they had actually agreed on and run and marked the dividing line on the ground themselves. Viewed thus as an agreement of compromise, in regard to a matter

about which the parties honestly entertained a difference of opinion, the award must be considered as binding and conclusive, according to the case of Perkins *v.* Gay, 3 *Serg. & Rawle* 331, 332, and the principles there laid down.

But considering it as the award of an arbitrator mutually chosen by the parties, under a submission at common law, it is binding and conclusive upon them.   This case cannot be distinguished from the case of Davis *v.* Havord, 15 *Serg. & Rawle* 165, where it was held that the award of arbitrators made under a submission at common law fixing the boundary line between the parties was conclusive. The authorities there referred to, as well as the reasoning of the court on the subject, all go to support and maintain the correctness of the principle laid down, and upon which the case was ruled.  The statute of frauds is inapplicable to an award made under a parol submission which had nothing in view beyond the settling of a dispute as to the boundary of land, and not the title of it.   No right or title passes in virtue of the award; it merely fixes the boundary, and the title which existed previously becomes precisely located and limited by it.

It may be, however, that the decision of the arbitrator in this case was contrary to law, inasmuch as it may have taken from the plaintiff some land which, it would seem, he held and occupied adversely, as a part of his grant, for upwards of twenty-one years, and had thereby acquired an available right to it under the statute of limitations.   But still it is of the first moment to the welfare and happiness of the community that disputes should be ended as speedily as may be, without depriving either party of the time that may be necessary for a fair trial.   And when the litigant parties choose to pass by the tribunals established by law for settling disputes, and to submit their controversy to judges of their own selection, they will be held to be bound by their decision when honestly made; *ut sit finis litium.*

Judgment affirmed.