# Jenks *against* Fritz.

Equity will relieve a party from the effect of an act done or contract made under a mistake or ignorance of a material fact.

A vendor and vendee of land appoint an artist to ascertain the number of acres in the tract, which was sold by the acre, and upon his report the deed was executed and delivered, and bonds given for the purchase money. *Held*, that in an action on the bond, the vendee may make defence on the ground of a mistake made by the artist in measuring the land.

ERROR to the Common Pleas of *Perry* county.

VII. — 26

[Jenks v. Fritz.]

Watson Jenks against Israel Fritz. This was a judgment entered upon a warrant of attorney, which was opened by the court, and defendant let into a defence upon the merits. The parties then agreed to the following facts as a special verdict:

On the 19th of December 1838, Watson Jenks entered into an agreement in writing to sell and convey a tract of land to Joseph Marshall and Israel Fritz; that part of it which lay north of the Clark's Ferry road to Joseph Marshall, and that part south to Israel Fritz; and a conveyance was to be made to each of the said vendees on the 1st of April 1840. In consideration whereof, each of the said vendees agreed to pay to the said Watson Jenks, for the said land, $15 per acre for each and every acre that each of the said tracts should contain; the actual measurement of which was to be ascertained by a skilful artist.

A skilful artist was named by the said Israel Fritz, and agreed to by the said Watson Jenks, who went upon the ground and made an actual survey, and found that that part of the said tract of land so sold to the said Israel Fritz contained 194 acres and 155 perches. The parties, acting upon this measurement, executed the contract; the vendor by making and delivering the conveyance, and the vendee by paying that part of the purchase money which by the contract was payable, and giving his judgment bonds for the residue of the purchase money, payable at the several times mentioned in the said contract.

This judgment, now opened by the court, was entered for the payment due the 1st of April 1844, the previous payments having been all made. Since the 1st of April 1843, it has been ascertained that the artist employed as before mentioned to ascertain the quantity of land thus sold and conveyed to the said Israel Fritz, made a mistake in the measurement of two of the lines of the said tract of land thus conveyed to the said Israel Fritz, and the same does actually contain only 175 acres; and the question presented to the court is, whether the said Israel Fritz is entitled to make defence to the payment of his bonds to the amount of the deficiency of the land thus ascertained; if he be, then judgment to be entered in this case for the defendant; otherwise, for the plaintiff. The article of agreement, deed and bonds shall be considered as a part of this case, as if fully set forth.

The court below (HEPBURN, President) rendered a judgment for the defendant.

*Reed*, for the plaintiff in error, argued that the appointment of the artist by the parties was in the nature of a submission to him, and his award was conclusive upon the parties, and cited 7 *Watts* 311; 6 *Watts* 359; 3 *Serg. & Rawle* 331. But when this was followed up by an acquiescence of the parties, and an execution of the contract by a delivery of the deed and bonds, it is now too late to correct any alleged difference between the parties as to the

[Jenks v. Fritz.]

quantity of land. 6 *Binn.* 102; 1 *Serg. & Rawle* 166; 13 *Serg. & Rawle* 136; 1 *Watts & Serg.* 442; 1 *Rawle* 384; 1 *Watts & Serg.* 88.

*Watts,* contra, argued that the cases cited for the plaintiff in error were not applicable to the principles of this case. The question here is, whether equity will not relieve against a plain mistake, occasioned by the mutual ignorance of the parties with regard to a material fact? There can be no plainer principle than that it will. It is not analogous to the case of a submission and award, which presumes a difference between the parties about the matter to be submitted; but there was none. The contract was not executed as both parties intended it should be, and supposed it was.

The opinion of the Court was delivered by

ROGERS, J.—That articles of agreement for the sale and purchase of lands are usually merged in the deed, is certainly true as a general proposition; but to this rule there are many exceptions. It clearly does not extend to the case of a mistake as to the quantity, where the property is sold by the acre, arising from the miscalculation of the parties; for this comes within the rule that equity will relieve, when an act is done or contract made under a mistake or ignorance of a material fact. No person can be presumed to be acquainted with all matters of fact, nor is it possible by any degree of vigilance in all cases to acquire that knowledge; and for this reason a court of equity is liberal in granting relief to prevent injustice, where the party asking it cannot be charged with culpable negligence. In the case in hand, every care was taken to guard against error by referring the admeasurement to a person of known skill; and if the artist had acted in the character of a judge, as in *M'Manus* v. *M'Cullough,* (6 *Watts* 359); *Brown* v. *Cooper,* (7 *Watts* 311); or *The Monongahela Navigation Company* v. *Fenlon,* (4 *Watts & Serg.* 205), it is conceded the award would be conclusive. And it would be the same if, as in *Packer* v. *Grey,* it was the settlement of a doubtful right. But when it is the performance of a mere ministerial duty, a mere error of the agent in the admeasurement, a different case is presented. As the mistake could without doubt be rectified before the deed was executed, we see nothing in the authorities or in principle to prevent it now, the contract being unexecuted in part, some of the purchase money remaining unpaid. This is a mistake, not ignorance of facts, not by themselves, but another, whom the parties, when they selected him for that purpose, rationally supposed from his peculiar skill would certainly ascertain the true quantity; and on that supposition alone were the deed and the bonds to secure the purchase money given. The quantity of land the tract contained constitutes a material ingredient in the contract; and the

[Jenks v. Fritz.]

error, it is admitted, is a mutual one, which disappoints the declared intention of both vendor and vendee. Both parties, it is true, are equally innocent; but it would be against conscience to insist on payment when the error is considered, and when no blame is properly imputable to any person. It falls, as we conceive, within that class of cases so frequently occurring, where equity relieves parties from the consequences of a mistake of a third person, as, for example, of a scrivener, in drawing the agreement.

Judgment affirmed.