| 65 | 86 |
|----|----|
| 24 SC | 39 |

## Kellum and Cole *versus* Smith.

1. K. and W. had a dispute as to their line; M. ran the line under their agreement. W. sold to S., who had a dispute with K. as to the line, when by their agreement P. ran a line different from M's. In ejectment by S. alleging P.'s line was fraudulent; it was error to instruct the jury that M.'s line was not a consentable line and had been abandoned.

2. If P.'s line was fraudulent the parties were thrown back on their former line, and the question would then be on M.'s line and would be for the jury.

3. A line established under a parol compromise will be supported, and is not affected by the Statute of Frauds.

March 15th 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Bradford county:* Of July Term 1869, No. 15.

This was an ejectment, commenced November 17th 1855, by Emma J. Smith (now Hewitt) against Samuel Kellum and William

[Kellum v. Smith.]

Cowell, for a strip of land on the west side of the Susquehanna, about 245 rods in length, about 16 feet in width at the river and about 4 feet at the other end, containing about 4 acres. The question was one of boundary between the plaintiff on the south and the defendants on the north; Kellum being on the western part of the boundary and Cowell on the eastern. The land of all the parties originally belonged to Elisha Cole. On the 15th of July 1813 he conveyed the part owned by the defendants to B. Coolbaugh, and on the 29th of April 1814 he conveyed the part owned by the plaintiff to Moses Warford. Some time before 1840 the defendants became the owners of Coolbaugh's title.

On the trial before Streeter, P. J., December 16th 1868, the plaintiff having given evidence to establish her claim, closed.

The defendants called Henry Morgan, who testified that in March 1848, he ran a line between Warford on the one side, and the defendants on the other. Witness exhibited its location from a draft; Warford was not present being sick, but one Johnson who lived with him and who, witness supposed, represented him, was there; witness had Warford's deed; Warford told witness that he had made an agreement with defendants to have the line run.

Johnson testified as to the running of the line and its location, as to Warford's consent, and also that Warford never expressed dissatisfaction with it. There was evidence that Warford and the defendants agreed that the line run by Morgan was to be final between them.

On the 29th of January 1853, the executors of Warford conveyed his tract to the plaintiff. On the 2d of April 1853 she brought an action of ejectment against each of the defendants, covering the land in dispute. On the 6th of April 1854 the suits were settled by an agreement, the material parts of which were: " all controversy as to the land for which said suits were brought, and also as to the division line between the plaintiff and defendants, is settled and terminated by a line running from a black-walnut sapling at the end of the fence on the Susquehanna river, north 84¾ degs. west, &c., * * about 245 rods to the line of John Cole's heirs' land, as run by James A. Paine in December last, which said line is agreed shall hereafter be and remain the division line between the plaintiff and defendants respectively, and be final and conclusive as between them and those holding under them. And it is agreed that said James A. Paine shall go on and re-mark and establish said line, so that it may be fully known hereafter."

The agreement was signed by " Israel Smith, Agent for Plaintiff." The line mentioned in the agreement as run by Paine was north of that run by Morgan.

In rebuttal the plaintiff gave evidence tending to show fraud in procuring and carrying out the agreement of compromise, and of the circumstances connected with it.

[Kellum *v.* Smith.]

There was evidence of the abandonment of the Morgan line by both parties.

The defendants asked the court, by their 1st point, to charge:—

"That, if the jury believe that William Cowell, Moses Warford and Samuel Kellum agreed that Judge Harry Morgan should go on, run and establish the division line between them, and they would regard the line so established by him as the boundary line of their lands, and in pursuance of such agreement he did go on, run and establish it, then the plaintiff cannot recover."

The court charged:— * * *

"[The line run by Judge Morgan cannot now be set up as a consentable line.] Whatever might have been the understanding at the time, [neither party now claims to abide by that line. At the time of the settlement of 6th April 1854 that line was abandoned by both parties, and a new one was to be established. Neither party has claimed or held to that line since that time, and it cannot now be interposed as a bar to the plaintiff's claim in this action.] [The defendant relies upon the settlement of the 6th of April 1854 as a bar to this action.] This settlement, upon the face of it, is conclusive and final between the parties; but it is insisted on the part of the plaintiff that this settlement was procured by fraud and imposition practised upon the plaintiff's agent; and she has attempted to establish this allegation by evidence. If Israel Smith was deceived into the adoption of a line of division which was not the line represented to him, the plaintiff is not bound by that settlement, and she may recover in this action if you find the north line of the Warford to be what is termed the old original line, and the northernmost line marked upon the drafts." The court referred to the evidence of imposition and fraud, and said: "If this evidence fails to satisfy you that deception was practised upon Israel Smith by the defendant, and you find that Smith made the settlement without any imposition on the part of Kellum, then we instruct you that the settlement is binding upon the parties, and your verdict should be for the defendant."

"Defendant's 1st point is answered in the negative for reasons given in the general charge." * *

The verdict was for the plaintiff.

The defendants took a writ of error, and assigned for error the refusal of their point and the parts of the charge included in brackets.

*Mercur & Morrow* and *E. Smith*, for plaintiffs in error.

*J. De Witt, E. Overton* and *H. B. McKean*, for defendant in error.—When the Morgan line was run, the parties held by their

[Kellum *v.* Smith.]

paper titles, not by a parol transfer: Hagey *v.* Detwiler, 11 Casey 412.

The opinion of the court was delivered, March 28th 1870, by

AGNEW, J.—It was an error to charge the jury that the line run by Judge Morgan could not be set up as a consentable line; and that it was abandoned by both parties at the settlement made in 1854. Such abandonment (if it took place) was a matter of fact, and not of law. The legal effect of the compromise of 1854 would have been to avoid the Morgan line of 1848, had there been no imposition in procuring it. But the very question in the cause was the invalidity of that compromise on the ground of fraud. If invalid, the parties were thrown back upon their former boundary, and then the question arose on the Morgan line. According to Cowell's testimony, he and Warford having a dispute about the boundary line between them, agreed that Judge Morgan should take the deeds and drafts and run and make the line between their lands, and that this should be final. The proof is clear that Morgan did run and establish a line. The compromise of their dispute, according to numerous cases, was a good ground to support the line established under the compromise: Bowen *v.* Cooper, 7 Watts 311; Perkins *v.* Gay, 3 S. & R. 327; Brower *v.* Osterhout, 7 W. & S. 344; Brown *v.* Caldwell, 10 S. & R. 114; Hagey *v.* Detweiler, 11 Casey 409. The boundary thus fixed was conclusive and unaffected, even if by parol, by the Statute of Frauds and Perjuries. A new dispute having arisen, and ejectments brought by Emma J. Smith, the settlement of this litigation in 1854 by the running of the line by James A. Paine would have had the same effect in establishing that line in lieu of Morgan's had this settlement been fair and not procured by imposition. But the avoiding of that settlement by fraud remitted the parties to their former boundary, wherever it was. The defendant had a right to have submitted to the jury the question whether that boundary was not the Morgan line. It was error, therefore, to assume that the Morgan line was abandoned, as that was purely a question of fact.

The judgment is therefore reversed, and a *venire facias de novo* awarded.