## Gump's Appeal.

65      476
20 SC ¹416

1. Parol evidence of mistake is admissible to qualify or contradict a written instrument.

2. L. by articles agreed to sell land to G., $2000 to be secured by a judgment-note with *interest*. The deed and note were delivered and judgment entered. It was afterwards discovered that the scrivener had accidentally omitted "with interest," from the note. *Held*, that by the 39th section of Act of June 13th 1840, and 3d section of 16th of April 1845, the Court of Common Pleas in equity had jurisdiction to correct the mistake and decree the payment of interest that was overdue.

3. An accidental omission from a writing comes under the head of mistake.

4. The opening of a judgment is purely discretionary and no appeal lies from an adverse decision.

5. The Court of Common Pleas in equity could not reform a judgment on the law side.

May 12th 1870. Before THOMPSON, C. J., READ, AGNEW and˚ SHARSWOOD, JJ.

Appeal from the decree of the Court of Common Pleas of *Bedford county* : In Equity : No. 49, to May term 1870.

On the 13th of January 1869, Jacob Lingenfelter filed a bill against George W. Gump, which set out :

That the plaintiff and the defendant on the 18th of November 1865, entered into an agreement under seal, by which plaintiff bound himself to sell the defendant his farm for $3000, of which $1000 was to be paid on the 1st day of April then next, and $400 annually thereafter, with interest from the 1st of April, till the whole should be paid; that on the 30th of March 1866, the plaintiff delivered the deed for the farm, the defendant paid $1000, gave his judgment-note for $2000 the balance, payable in annual instalments of $400; but by mistake interest as stipulated in the agreement was omitted and the defendant refused to pay interest.

The prayer was that the defendant be decreed to pay the interest.

The defendant admitted the contract, the delivery of the deed and the note on which judgment had been entered, averred that in consequence of some difficulty about liens on the plaintiff's farm, he and the plaintiff had agreed at the execution of the deed, that the unpaid $2000 should be without interest and that he had paid two of the instalments without interest. Further he "maintained that the execution and delivery of the deed by the plaintiff to me, and the acceptance of my said note by him, is a merger of the said article of agreement, and that he should not, therefore, be permitted further to proceed with his said supposed complaint."

The case was referred to John P. Reed, Esquire, as examiner and master. He reported :— * * *

" That by the mistake of the attorney and scrivener the provision in the agreement that the defendant should¸ pay interest on the $2000, annually, from the 1st day of April 1866, was omitted

in the note, and the same was received by the payee from the attorney without reading the same or noticing the omission. That the weight of the evidence shows that this omission was a pure mistake, and that the defendant knew it to be an omission, that he acknowledged it to be the agreement that he pay interest, but claimed that the agreement was afterwards changed by plaintiff and defendant so as to relieve defendant of the interest—the evidence shows that this is a mistake, and that there was no change in the agreement—also, that the defendant subsequently agreed to pay the interest if plaintiff would procure certain releases and clear the docket—and the docket is cleared.

" Under these facts the master reports, as his opinion, that the defendant in equity and good conscience is bound to pay the interest claimed by the plaintiff."

The master then stated an account showing that the amount of interest due to the plaintiff was $315.59.

The master's report with exceptions by the defendant, was filed June 24th 1869.

The case was set down for hearing for September 11th, and then was continued. October 2d, the plaintiff moved to amend the prayer of his bill as follows:—

" 1. That the judgment for $2000 entered upon the said judgment-note be corrected so that the said $2000 shall bear interest from the 1st day of April 1866, payable annually according to the terms of the said agreement between the said plaintiff and defendant.

" 2. That the said defendant may be decreed to make payment of said interest, viz.: (setting out the several sums of interest and the dates when due), with interest from the dates when they respectively became due."

3. General relief.

The motion was allowed, the plaintiff to give notice to the defendant of the motion and order. On the 14th of October the amendment was filed; the same day the defendant's protest against allowing the amendment was filed.

On the 13th day of December 1869, the court decreed, " that the said judgment for $2000, entered upon the said judgment-note to No. 6 of November Term 1866, be corrected, so that the said $2000 shall bear interest from the 1st day of April, A. D. 1866, payable annually, according to the terms of the agreement between the said plaintiff and defendant; and that the said defendant shall pay unto the said Jacob Lingenfelter, the several sums of interest, viz.: $120, due April 1st 1867; $96 due April 1st 1868; and $72 due April 1st 1869, with interest on said sums, from the day they respectively became due; and also the sum of $48, on the 1st day of April 1870, and $24 on the 1st day of April 1871; and

that the said George W. Gump do further pay unto the said Jacob Lingenfelter, the costs of this suit."

The defendant appealed to the Supreme Court and assigned for error :—

1. That the evidence did not sustain the facts found and the opinion of the master.

2. The evidence contradicted a written agreement.

5. The plaintiff had a remedy at law.

6. The agreement was merged in the deed and note.

7. The plaintiff was estopped by accepting the deed and note.

8. Allowing the amendment.

9. The decree.

*Cessna & Spang*, for appellant.

*Russell & Longenecker*, for appellee.—Equity will correct a mistake in a written instrument: Chalfant v. Williams, 11 Casey 215; Bank v. Fordyce, 9 Barr 279; Rearich v. Swinehart, 1 Jones 238; Barnhart v. Riddle, 5 Casey 96; Musselman v. Stoner, 7 Id. 270; Lauchner v. Rex, 8 Harris 464. The objection to the jurisdiction was too late: 1 Troub. & H. Pract. 75; Bank of Kentucky v. Schuylkill Bank, 1 Parsons R. 226; Adams v. Beach, 1 Phila. R. 99. Amendments are in the discretion of the court: Yohe v. Robertson, 2 Wharton 155. Costs in equity are at the discretion of the court: Coleman v. Ross, 10 Wright 180. A court of equity disposes of the whole case: McGowin v. Remington, 2 Jones 56; Shollenberger's Appeal, 9 Harris 340.

The opinion of the court was delivered, July 7th 1870, by

Agnew, J.—The finding of the master that the provision in the agreement for the payment of interest on $2000 annually, from the 1st day of April 1866, was omitted by the *mistake* of the attorney in writing the single bill, is sustained by clear and convincing evidence. The objection that the writing cannot be contradicted is unsound. Plain mistake ranks with fraud as an exception to the rule which forbids the admission of parol evidence to qualify or contradict written instruments: Christ v. Diffenbaugh, 1 S. & R. 464; Renshaw v. Gans, 7 Barr 117. The accidental omission of interest from the single bill being shown, the next question is that of jurisdiction. The 39th section of the Act of 13th June 1840, Purd. 402, pl. 5, declared that the equity jurisdiction of the Supreme Court within the city and county of Philadelphia and of the Court of Common Pleas for said county shall be extended to all cases arising in said city and county, over which courts of chancery entertain jurisdiction on the grounds of fraud, accident, mistake or account. This act was followed by that of 16th April 1845, the 3d section of which declared that the 39th

section of the Act of 1840 shall be construed to give jurisdiction in all cases where chancery entertains jurisdiction under either of the heads of fraud, accident, mistake and account, whether such fraud, accident, mistake or account be actual or constructive. These jurisdictions and powers were extended over the state to the several Courts of Common Pleas by the Act of 14th February 1857. A liberal interpretation is given to the chancery powers thus conferred: Wesley Church v. Moore, 10 Barr 280; Yard v. Patton, 1 Harris 282. Gibson, C. J., remarked in the former case that the equity jurisdiction conferred by the statutes for this purpose, is a valuable, indeed indispensable one, and it ought to be extended by every interpretation of which the words are susceptible. That a mistake or accidental omission, its equivalent, in drawing up the terms of a written instrument, falls within the jurisdiction of chancery under the head of mistake, is clear, and appears by the text books and numerous decisions: 1 Story's Equity, §§ 152, 153, 154, 155, 156; Marquis of Townshend v. Stangroom, 6 Ves. Jr., 328, a, and notes to Sumner ed; Hunt v. Rousmanier, 1 Peters 13; Graham v. Pancoast, 6 Casey 89; Nace v. Boyer Id. 99; Ferris v. Henderson, 2 Jones 49; Jenks v. Fritz, 7 W. & S. 201. On general principles the jurisdiction of the Court of Common Pleas over this bill is indisputable.

But it is said that the plaintiff had an adequate remedy at law, either by an action on the original agreement to recover the omitted interest, or by application to the Court of Common Pleas to open the judgment entered on the single bill for the purpose of reforming it. The adequacy of either is extremely doubtful. In an action at law, the plaintiff would have been met by the objection that the contract of sale merged in the deed, and the security taken for the unpaid purchase-money, and by the stiff and rigorous character of the evidence required in a common-law court. Ejectment would not lie to enforce payment after the delivery of the deed, and assumpsit (which has been suggested also) would have no advantage over covenant on the article of agreement. None of these forms of action in a case such as this would be equivalent to the more direct and plastic remedy by bill in equity. The application to the court to open the judgment is even more objectionable. It is a purely discretionary proceeding, and no appeal lies upon an adverse decision. The application besides, presents no means of compelling discovery. And were the judgment to be opened it would be a question how far the Court of Common Pleas could get behind the single bill on which the judgment was entered. The judgment follows truly the single bill, while the error lies back of both in the omission to insert the interest. Would the court reform the single bill and enter judgment for a greater amount than the confession authorized? All these difficulties attending the plaintiff's proceedings at common

law make the bill in equity the only safe and entire remedy. The allowance of the amendment to the bill was immaterial. It was only framed to admit of a decree to reform the judgment. But this is superfluous. The court proceeding in equity could not actually reform the judgment remaining on the law side of the court, but by its decree would order payment of the interest according to the terms of the original agreement, and could enforce that decree by all the various forms of process in execution, belonging to a court of equity.

Decree affirmed with costs.

THOMPSON, C. J., dissented.