[No. 3,062.]

# JAMES IRVINE v. MORRIS ADLER.

WORD "TENANT" IN VAN NESS ORDINANCE.—The word "tenant," as used in the Van Ness Ordinance, is not restricted in its meaning to a mere conventional tenant, as was intimated in *Brooks* v. *Hyde*, 37 Cal. 366, but applies to any party who holds the actual possession in subordination to another party under or by virtue of·an agreement either express or implied.

STATUTE OF LIMITATIONS AS TO COTERMINOUS PROPRIETORS.—When two coterminous proprietors of land, who are ignorant of the true boundary line between their respective tracts, fix a line with an agreement that each shall possess to that line till the true boundary is ascertained, and the true boundary, when ascertained, leaves one in possession of a portion of the other's land, this possession is not adverse, so as to set the Statute of Limitations in motion, until there is a distinct repudiation of the agreement under which it was taken.

IDEM.—In such case the grantees of the one who is in possession of a portion of the other's land, who buy without notice of the agreement made by their grantor, cannot claim the benefit of the Statute of Limitations until the agreement is repudiated, but occupy the same position their grantor would have done if he had not sold.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

Ejectment to recover the "narrow strip of the land conveyed to Wainwright, included within the lines of the O'Connor lot" mentioned in the opinion.

The defendant appealed.

The other facts are stated in the opinion.

*M. A. Wheaton*, for Appellant.

The defendant had no notice of the arrangement made at the time of the measurement with the tape line, and is not bound by it. He was an innocent purchaser. (*Franklin* v. *Dorland*, 28 Cal. 178; *Boggs* v. *Merced Mining Co.*, 14 Cal. 367; *Sneed* v. *Osborn*, 25 Cal. 619.)

Even if O'Connor had entered under a lease, his and his grantee's possession would have been adverse after five years from the termination of the lease. (Hittell, Art. 4356.)

To have acquired a title under the Van Ness Ordinance, the plaintiff or his grantors must have had possession from January 1st, 1855, to June twentieth of the same year. (*Borel* v. *Rollins*, 30 Cal. 408; Hittell, Arts. 6815 to 6831; *Wolf* v. *Baldwin*, 19 Cal. 306.)

*E. B. Mastick*, for Respondent.

The "arrangement and agreement" so controlled the possession of the demanded premises, that the same was not an adverse possession. ‵ The intention of claiming against the true owner was wanting. (*Howard* v. *Reedy*, 29 Ga. 152; 2 Washburn on Real Property, 489; *Wolf* v. *Baldwin*, 19 Cal. 306.)

Upon the defendant's landlord's grantor's taking possession of the demanded premises according to the tape-line measurement, and under said parol "agreement and arrangement," he held by a license. (1 Washburn on Real Property, 98.) And, holding under such license, he or his grantees could not avail themselves of their possession, as being adverse to that of the real owner, for the purpose of barring his claim under the Statute of Limitations. (*Hubbard* v. *Sullivan*, 18 Cal. 508.) In no manner or way did he acquire the seizin. (2 Smith's Lead. Cases, 560, 561; 2 Washburn on Real Property, 489, et seq.)

By the Court, Rhodes, J.:

Kissling was in the actual possession and occupation in 1853, of the block of land of which the premises in controversy form a part. In that year he executed three deeds— one to Bryant & Irvine, one to O'Connor (the defendant's grantor), and one to Wainright (the plaintiff's grantor). The purchasers entered upon their respective tracts, and agreed to measure off with a tape-line, their respective lots, put up temporary fences, and that when the true lines should be

ascertained, each should have his land according to the true lines; and they accordingly measured the lots with a tape-line, and each entered upon, and they and their grantees have since occupied, the parcels of land according to the measurement thus made. The grantees of O'Connor had no knowledge of the agreement in respect to the measurement of the lots. The true measurement shows that a narrow strip of the land conveyed to Wainwright, is included within the lines of the O'Connor lot, as run by the "tape-line measurement." The title to the land in controversy passed, by virtue of the Van Ness Ordinance and its confirmation, either to Wainwright or to those holding under the O'Connor deed. The defendants claim that title, and also set up the Statute of Limitations. The jury found for the plaintiff.

In *Brooks* v. *Hyde*, 37 Cal. 366, we stated that "we are inclined to consider the word 'tenant,' as used in the Van Ness Ordinance, as meaning a *conventional* tenant." The point, however, was not decided, nor, indeed, was it involved in the case. Since that case, we have had occasion to consider the question again, and we were not inclined to restrict the meaning of the word "tenant," as used in the ordinance, to so narrow a limit as was intimated in *Brooks* v. *Hyde*. We held, in *Broad* v. *Broad*, 40 Cal. 493, that the term included a tenant in common, and we are satisfied that the decision is in entire harmony with the meaning and intent of the ordinance. It is not requisite that the relation of landlord and tenant should have existed between the parties, but whenever one party held the actual possession, in subordination to another party, under or by virtue of an agreement, either express or implied, the party so in possession will, in our opinion, fall within the meaning of the word "tenant," as employed in the ordinance. Here each party entered upon the portion of land which was outside his true line, in subor-

CAL. REPS. XLIV—71

dination to the title of the party upon whom he encroached, and with the agreement to restore the possession when the true lines should be ascertained; and he held the possession of the same by the license or permission of the owner of the adjoining land.

In respect to the defense of adverse possession, it is sufficient to say that a possession commenced as in this case is not adverse, and does not become so, until there is a distinct repudiation of the agreement under which the possession was taken. The grantees of O'Connor, having simply succeeded him in the possession of that to which they acquired no title by their deeds, occupy no better position than he did. The rule laid down in *Sneed* v. *Osborn*, 25 Cal. 619, has no application here, for there the parties were not running a mere temporary line, as was done in this case, but were establishing what they then understood to be the true line, and it cannot be said here, as was said there, that the parties have acquiesced, for any period, in the lines which were run as the true lines.

Judgment affirmed.