Messrs. *Hughes & Farquhar* for plaintiff in error ; *John W. Ryon,*
Esq., for defendant in error.

---

*Twenty-first Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

(*In Equity.*)

JOSEPH T. TAYLOR *v.* CHARLES BRITTAIN AND ABRA-
HAM BRITTAIN.
JAMES BRITTAIN *v.* JOSEPH T. TAYLOR AND WM. COIT.

An award at common law follows the submission, and is binding on the parties.
It is assailable for corruption or misbehavior.

Opinion of the court delivered by

WALKER, J.   The facts in the above cases are briefly as follows.
Bills of equity were filed in both the above cases.   Both parties complain
of the trespass of the other upon their freehold estate, preventing the work-
ing of a certain coal vein.   Both were heard together at chambers.

Joseph T. Taylor claims the vein under a lease from the owner of the
Bullock tract, which he says is the Kantner vein, situate in Norwegian
township, Schuylkill county, and the Brittains claim the same vein, under
a lease from the same parties, as the Big Diamond vein.   There have
been numerous affidavits taken by both parties with reference to the vein,
and the court is asked  in each case to issue an injunction, to restrain the
working of the other party.   Mr. Taylor obtained a lease on 15 June,
1869, and the Brittains on 1 Oct., 1869, and the single question is, in
whose lease is the disputed vein embraced.

The parties mutually selected Genl. Henry Pleasants as umpire, to
decide the question for them, and he reported in favor of Mr. Taylor.
His finding, therefore, we think, is binding upon both parties, as he was
an impartial umpire, and his judgment and integrity is beyond dispute.
The decision of the umpire is clear, distinct, and covers all matters in
controversy.   The law holds the agreement of parties to refer, and the
award of the referee, whether in writing or not, to be binding, McManus

*v.* McCollock, 6. Watts, 357. And the award of an arbitrator, made in pursuance of a parol submission, settling and fixing a boundary line between the owners of adjoining lands, is conclusive between them, Bowen *v.* Cooper, 7 Watts, 311.

If an agreement to submit a case to arbitration provide that the award shall be final and conclusive, the parties are concluded by their agreement, McCahon *v.* Reany, 9 C., 535.

An award at common law is final, conclusive and binding on both parties, Speer *v.* Bidwell, 8. W., 23.

It is assailable for corruption or misbehavior of the arbitrators, Ibid 23.

As the award is made in pursuance of the reference, and as there is no allegation of any mistake, or fraud, that equity might relieve (7 W. & S., 201,) we can see no reason for disturbing the decision of the umpire, made after a careful examination of the premises, and in the presence of Brittain himself.

Therefore, in the first case, injunction granted; and in the second case, injunction refused.

Messrs. *Farquhar & Geer* for Taylor; Messrs. *J. W Ryon and D. A. Jones* for Brittain.