## SMITH v. ROBARTS.

### No. 9270; December 23, 1885.

#### 9 Pac. 104.

**Boundaries—Possession Under Mistake as to Division Line.—** Where coterminous proprietors are in possession of certain land under a mutual mistake as to the division line, such possession has no effect upon their legal rights, nor is it adverse or conclusive against the assertion of any existing rights based upon the true title.[1]

**Boundaries — Verbal Agreement Concerning. —** Where coterminous proprietors enter into a verbal agreement to have the true division line surveyed, and to abide by the line so established, such agreement is binding, and is not within the statute of frauds.[2]

---

[1] Cited in Breen v. Donnelly, 74 Cal. 304, 15 Pac. 846, and approved as a general rule in ejectment suits, but held not to the same extent applicable to suits for reforming deeds.

Cited with approval in Marsicano v. Luning (Cal. App.), 125 Pac. 1083, where the court questions if title by adverse possession can be acquired under such circumstances.

[2] Cited and approved in Woodward v. Faris, 109 Cal. 17, 41 Pac. 783, where the statute of limitations was held not to apply to a case where a party has put up his fence at random, intending to remove it to the correct line upon its being determined.

Cited in a note in 33 L. R. A., N. S., 939, on adverse possession due to ignorance or mistake as to boundary.

APPEAL from Superior Court, County of Humboldt.

J. J. De Haven and G. W. Hunter for appellant; S. M. Buch, Cope & Boyd and P. F. Hart for respondent.

McKEE, J.—This case originated in an action commenced in a justice's court to recover damages for a trespass on real property. To the complaint in the action there was filed a verified answer, which presented issues involving title and possession of the property, and the justice transferred the action to the superior court, where, trial being had, judgment was entered for defendant. The contention is that the judgment is erroneous, because the decision on which it was given is not sustained by the evidence. But the evidence shows, and the court finds, that plaintiff and defendant were co-terminous proprietors of two eighty-acre tracts of land in the northwest quarter of section 3, township 2 north, range 2 west, Humboldt meridian—plaintiff being owner and in possession of the southwest quarter, and defendant owner and in possession of the southeast quarter, of the quarter section; that the defendant entered upon the land and dug post-holes thereon for a divisional fence between the two tracts, the digging of these holes constituting the trespass of which the plaintiff complained; and that the true divisional line, run according to the United States survey, located the strip of land on which the holes were dug within the tract belonging to the defendant. The line as surveyed was therefore the true divisional line. But it also appeared in the evidence that, in the year 1871, the grantors of 1' 'espective parties established a different line, on which they built a fence, partly of posts and rails and partly of brush, which they, at the time, and for several years thereafter, recognized as the line; and, according to that line, the locus in quo belonged to the plaintiff. Those who established it, however, were never satisfied that the fence was on the true line; but they recognized it as on the line for several years until they both ascertained, by tape measurement, that it was not; and then, as the plaintiff's grantor testified, "when ascertained that the division made by me and Mr. Cris (the grantor of defendant) gave me more than an equal division, I was willing that it should be set back so as to make it equal." The fence, however, was

allowed to stand, and the grantor of the defendant continued to cultivate up to it until 1880, when he transferred to the defendant his title to the southeast quarter of the quarter section; and the defendant, after the acquisition of title, verbally agreed with the plaintiff to have the line surveyed, and to abide by the line established by the survey. Under that agreement the line was surveyed in 1881, and the defendant built his house upon it in 1882.

In Biggins v. Chaplin, 59 Cal. 113, and Cooper v. Vierra, 59 Cal. 282, we held that the location of a doubtful divisional line by agreement of coterminous proprietors, which has been acquiesced in for a greater length of time than that prescribed by the statute of limitations to bar a right of entry on land, was conclusive evidence of the correctness of the line. Sneed v. Osborn, 25 Cal. 619, is to the same effect. And in Columbet v. Pacheco, 48 Cal. 395, it was held that mere acquiescence, without controversy, in a fence line, which was renewed from time to time, by the coterminous owners, for twenty years, estopped both from denying that it was the true line. But, in the case in hand, acquiescence in the fence line as the true divisional line of the respective tracts of land was not considered by the grantors of the parties in the case as binding between them. Both agreed and recognized the fact that it was a mistake, and that any portion of the land of either tract which was held by the other was held under a mutual mistake. A possession of land held under a mutual mistake has no effect upon legal rights; it is not adverse or conclusive against the assertion of any existing rights upon the true title: Irvine v. Adler, 44 Cal. 559; Sheils v. Haley, 61 Cal. 159; Allen v. Reed, 51 Cal. 362. Such a possession neither vests nor devests title to real property. The verbal agreement between the plaintiff and defendant to have the true line surveyed, and to abide by the line established by the survey, was therefore binding. The fixing of a boundary line is not within the statute of frauds: Kincaid v. Dormey, 47 Mo. 337; Kellum v. Smith, 65 Pa. 86; Orr v. Hadley, 36 N. H. 575.

There is no error in the record. Judgment and order affirmed.

I concur: Ross, J.

I concur in the judgment: McKinstry, J.