[Civ. No. 1012. First Appellate District.—June 26, 1912.]

## P. MARSICANO, Appellant, v. OSCAR T. LUNING, Respondent.

EJECTMENT FOR SMALL STRIP OF CITY LOT—ADVERSE POSSESSION—MUTUAL MISTAKE—TAXES PAID BY EACH RECORD OWNER—FINDING AGAINST POSSESSION SUPPORTED.—Where plaintiff is the record owner of a city lot twenty feet wide, and defendant is the record owner of two lots of the same width, on each side of plaintiff's lot, and plaintiff's original building was totally destroyed by the fire of 1906, after which defendant surveyed one of his lots, and

built foundation walls thereon, and began to build, whereupon the plaintiff, without sufficient proof, claimed that his original building encroached on said lot, by a strip six and three-quarters inches in width, and brought ejectment to recover the same claiming title by adverse possession, it is held that if it ever encroached thereon, it was by undiscovered mutual mistake, and in view of the fact that each record owner had paid taxes on his own lot for forty years, a finding that plaintiff never possessed such strip is sustained by the evidence, and has the effect to give to each lot owner his full record title.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

D. Freidenrich, for Appellant.

Bourdette & Bacon, for Respondent.

KERRIGAN, J.—This is an appeal by plaintiff from a judgment in favor of defendant and from an order denying a motion for a new trial in an action in ejectment, to recover possession of a strip of land six and three-quarters inches in width with a uniform depth of fifty-seven feet six inches.

Plaintiff alleges in his complaint that on the first day of May, 1906, and for more than thirty years next prior thereto, he had been the owner and seised in fee and entitled to the possession of the six and three-quarters inches described in his amended complaint; that on said date the defendant unlawfully ejected him therefrom, and has ever since withheld and still wrongfully withholds possession thereof from him, to his injury and damage in the sum of $1,000, for which sum, together with the alleged value of the rents, issues and profits, he prays judgment.

The defendant filed an answer; the cause was tried and the court held against plaintiff and decided that he was never in possession of said strip of land.

Defendant contends that the evidence is insufficient to support the findings.

Ever since the year 1864 plaintiff has been the owner and has held the record title to a certain twenty foot lot on the

east line of Stockton street north of Vallejo street in San Francisco. The defendant and his predecessors in interest have owned and held the record title to the land adjoining both sides of plaintiff's lot since 1853. At the time plaintiff purchased his lot there was a building on it. Subsequently he put a brick foundation under the building on the northerly and southerly side thereof. The building remained on the ground until the great conflagration in April, 1906, when it was destroyed by that fire. In the month following the defendant commenced to erect a building on his lot just north of plaintiff's property. Plaintiff, evidently believing that defendant's building overlapped his lot, wrote him to that effect, and informed him that he would resist any encroachment upon his property. Thereupon the defendant had a survey made of the properties, which showed that his building was within his lines, and he so notified the plaintiff. It was doubtless after this that plaintiff became convinced that his building which had been destroyed had encroached upon defendant's lot, and being unable to induce defendant to accede to his demands, instituted this suit for the purpose of establishing title to the strip of land involved by adverse possession.

If the plaintiff ever had possession of the six and three-quarters inches it was by mutual mistake, which was not discovered until just before the commencement of this action, and perhaps title by prescription cannot be acquired under such circumstances. (*Unger* v. *Mooney,* 63 Cal. 586, [49 Am. Rep. 100]; *American Co.* v. *Bradford,* 27 Cal. 361; *Alta* v. *Hancock,* 85 Cal. 219, [20 Am. St. Rep. 217, 24 Pac. 645]; *Faulkner* v. *Rondoni,* 104 Cal. 140, [37 Pac. 883]; *Smith* v. *Robarts* (Cal.), 9 Pac. 104.) But the findings are so drawn that this proposition is not involved; and the only question we are called upon to decide is whether or not the findings are supported by the evidence.

We think they are. The building having been destroyed, the only reason the plaintiff had for believing that his house had stood partly on the strip of land in question was the presence after the fire of a brick foundation which he testified he had caused to be constructed under the northerly side of his home. That foundation, he said, was now under defendant's new building. Defendant, on the other hand, testified that the brick foundation wall referred to by plaintiff

was a new foundation built by his contractor. Defendant testified: "I built a building on the line of the survey as shown on the map introduced in evidence, and followed the line shown there as the exterior line of the property, the deeds of which have been read. My building is within those lines. On the northerly line of the twenty feet owned by Mr. Marsicano and north of the twenty feet as described in his deed, there is a wall under that building; it is a new wall built by C. P. Moore Building Co. It is a part of a new wall under my entire building. There is no old wall there. . . . I had this property surveyed before I built my building. I had it surveyed, and cleaned the lot up, and built there. I know as a matter of fact that that is a new brick wall and was built by myself; there is no old wall there."

It is true that counsel for the defendant at one time during the trial made an admission that strongly tended to sustain plaintiff's view; but later, after a few days' adjournment, and after an amended complaint was filed and the parties were more familiar with the situation, the admission was in effect withdrawn by defendant's counsel, and the cause was submitted on the evidence introduced by the parties.

Under the findings of the court plaintiff has the twenty feet covered by his deed, and the defendant has the adjoining land, to which the record shows he is entitled. Each has exactly what he thought himself entitled to for over forty years and on which during all of that time he has paid taxes.

The judgment and order are affirmed.

Hall, J., and Lennon, P. J., concurred.