### STEFFENBIEL v. GIFFORD *et al.*

1. Deeds of trust: VOLUNTEER EXEMPTION LAW: ACT OF 1862, CONSTRUED. The act of 1862, exempting the property of volunteers from sale under any deed of trust, mortgage or execution, was not intended to apply to trust-deeds made prior to April, 1861 (Rev. § 3673), and which by the law then in force, could be foreclosed without proceeding in court.

2. —— CONSTITUTIONAL LAW. Whether the act would be constitutional and not in conflict with article 1, section 10 of the Constitution of the United States, if it were to receive a different construction and made to apply to trust-deeds made prior to April, 1861, *dubitatur*.

*Appeal from Clinton District Court.*

SATURDAY, DECEMBER 21.

BILL TO REDEEM. — From the petition it appears, that in June, 1855, a deed of trust was executed by the then owner of the land to secure over $600, and authorizing the trustee, in default of payment, to advertise and sell the property, etc., concluding with the usual provisions and declarations. In August, 1862, the plaintiff, who had previously, but after the execution of the trust-deed, purchased the land from the trustor, entered the volunteer service, and so continued until June, 1865. While thus in the service, to wit, in September, 1863, the trustee, as contemplated by the deed, sold the property to the beneficiary and made him a deed. To the petition, filed in March, 1867, there was a demurrer, which was sustained and plaintiff appeals.

*John C. Bills* for the appellant.

*Brown & Sully, Cook & Drury* for the appellees.

1. Construction of act. The act to be construed is chapter 113, Laws 1862, p. 129. The act does not by fair construction apply to deeds of trust made prior to April 1, 1860. See Laws 1860, ch. 79, Rev. § 3673, p. 653, which took effect April 1, 1861. The law under consideration, by its terms fairly construed, only refers to such deeds of trust as were to be foreclosed in court. See provisions with reference to the notice to sheriff.

2. The act must be so construed as to hold it constitutional if susceptible of such construction. Where an act is susceptible of two constructions, one that violates the Constitution, and one that is consistent with it, the latter is

to be adopted. 11 Iowa, 482; 12 Id. 1; 1 Hammond Dig. 196.

3. The law, if given the construction contended for by the other side, is unconstitutional. First, as impairing the obligation of contracts. 12 Iowa, 389; *Rosier* v. *Hale*, 10 Id. 470, 480; *Malony* v. *Fortune*, 14 Id. 417; 1 Kern. 281, 291; *Bronson* v. *Kinzie*, 1 How. 411; *McCracken* v. *Hayward*, 2 Id. 608. Ssecond, as manifestly a relief law, this appears from its very title. 1 Kern. 291, *Denio Arguendo*; cited in *Rosier* v. *Hale*, 10 Iowa, 470, 480; *Von Hoffman* v. *The City of Quincy*, 4. Wallace, 520; see Laws of 1862, special session, ch. 11, p. 9. Definition of obligation of contract. 4 Wheat. 197; 12 Id. 318; 4 Littell, 34; Id. 47; 12 Wheat. 213.

4. The sale was lawful, notwithstanding the passage of the relief law. *Pool* v. *Young*, 7 Monroe, 588.

WRIGHT, J. — Council, in argument, present in effect but two questions for our determination: First. Does the act of April 7, 1863, entitled "An act to exempt the property of Iowa volunteers in the military service of the United States from levy or sale" (ch. 113, Laws of 1862, p. 128), apply to sales of this nature and to trust-deeds made prior to April, 1861?

*1. DEEDS OF TRUST: volunteer exemption law: act of 1862, construed.*

Second. If it does apply, then, is it in conflict with the Constitution, as imparing the obligation of contracts?

The material parts of the act under consideration are these: That the individual property of every volunteer soldier from this State, not above the rank of captain, "shall be and is hereby declared exempt during the term he shall be in said service and two months thereafter, from levy and sale under or by virtue of any *deed of trust or mortgage of any description*, or under or by virtue of any judgment or decree rendered or hereafter to be rend-

ered by any of the courts of this State." * * "And provided further, that when property has been *duly levied on and sold* or disposed of before the *officer* selling or disposing of the same *had knowledge* of the passage of this act, the same proceedings shall be had as if this act had not been passed, and that in all other cases when property has been levied on, it shall be returned to the party from whom taken, *and the levy discharged*, and the costs that have accrued shall, if *in the District Court*, be entered on the judgment docket and fee book, and if in the *justice's court*, on his docket, and thereafter become a part of the judgment."

Other sections provide that the act shall take effect from and after its publication in certain newspapers, and that the secretary of State shall immediately thereafter send a newspaper or printed slip containing it, *to every sheriff in the State.*

Plaintiff, by his petition, states the requisite facts as to service, rank, and the like, to entitle him to the benefits of this statute; and if it applies to sales of this character under deeds of trust made when this one was, then, assuming the validity of the legislation, he was entitled to the relief asked.

For reasons which we proceed to briefly state, our conclusion is, that it was not intended to include such sales, and that the demurrer was therefore properly sustained.

In March, 1860 (Laws of 1860, ch. 79; Rev. § 3673), it was declared, that no deed of trust or mortgage, with power of sale, on real estate, made after the 1st day of April, 1861, for the security of the payment of money, should be foreclosed in any other manner than by proceedings in the District, State or Federal Courts. And this act was in force when the one under consideration was passed.

Now our first argument is, that the act of 1862, so far as it relates to trust-deeds, contemplated those made after

April, 1861, and to the sale and foreclosure directed by the latter act. The legislature, conscious of its want of constitutional power to make the act of 1860 retrospective, and yet, to prevent an evil they felt and thought to be growing, made it in effect a part of every contract of this nature, executed after the date named, that it could only be enforced by proceedings in court. But for this legislation the general language of the act under consideration might, with much propriety, be claimed to cover all trust-deeds and sales thereunder. Taking the two acts together, however, we see that there are instruments and proceedings to which it can and may reasonably apply without extending it to all deeds and sales thereunder whatever their date. And it is to sales under deeds fore-closed in courts, as contemplated by the act of 1860, that the statute, in our opinion, refers.

But the language of the act, when carefully examined, is in accord with this conclusion. We direct attention to the words "*levy and sale*," not *levy or sale*. Then to "*duly levied on and sold*," "*officer selling*," "*proceedings*," "and the *levy discharged;*" also, the direction as to costs where the proceedings are in the *District Court* and in the *justice's court*, and still further to the duty of the secretary of State to furnish the law immediately to every sheriff in the State, and of the effect thereof when the sale took place before the *officer* had knowledge of the passage of the act. Now it seems to us, in view of all this language, that the legislature had in view ju licial sales, or sales by officers under process issued to them upon judgments of foreclosure and the like. If not so, then very much of this language is without weight or meaning. For instance, why notify *sheriffs* thus speedily and in this unusual manner, and take no steps to give the law greater publicity in the several counties for the information of trustees and the public in each locality. Then

why declare the effect, when the sale was made *before the officer* had knowledge, and say nothing about knowledge to trustees.   So, too, why speak of *levy* and the *discharge of levy*?

Now, when it is remembered that the legislature had, by a prior enactment, impliedly, at least, recognized the necessity of limiting its action to instruments of this nature subsequently executed, it is hardly fair to conclude that it has intended to apply *this* statute to *all* deeds and mortgages.   For while in the one case they refrain from requiring *all* such contracts to be thus foreclosed, in the other, according to appellant's theory, they have suspended the power to sell upon any of them during the time of the trustor's service and for two months thereafter. To require the party to come into court, would scarcely be regarded as impairing the obligation of his contract so much as to suspend absolutely his right to sell the land two to three years beyond the time fixed in the contract.

In any view of the subject, therefore, we feel constrained to hold with the court below that the act of 1862 was not intended to apply to trust-deeds made prior to April, 1861, and which by the law could be foreclosed without proceedings in court.

And we may add without premising further upon the question, that we have the less hesitation in so holding

2. —— consti-
tutional law.
from the fact that if the act is to receive the other construction there is great doubt whether it would not conflict with the Constitution of the United States. Art. 1, § 10.   The duty of courts to so construe the statute as to avoid this conflict, if it can reasonably and consistently be done, is too well settled and has been too repeatedly held to need more than its announcement. Finding a construction fairly warranted by the law which avoids this conflict, our path is plain and obvious.

                                        Affirmed.