[No. 3,738.]

## CLEMENTE COLUMBET *v.* JUANA PACHECO ET AL.

48  395
138  398
48  395
145  774

DIVISION FENCE—ESTOPPEL.—When a fence is built for a division fence, and is acquiesced in as such for sixteen years, the parties are estopped from controverting the correctness of its location.

APPEAL from the District Court, Third Judicial District, County of Santa Clara.

Ejectment to recover the land on the plaintiff's side of the division fence, which the defendant claimed was included within the limits of the land measured to her by the

Alcalde. The plaintiff recovered judgment and the defendant appealed.

The other facts are stated in the opinion.

*Wm. Matthews,* for the Appellant.

*D. M. Delmas,* for the Respondent.

By the Court, CROCKETT, J.:

The controversy in this case is as to the location of the dividing line between the lots of plaintiff and defendants; and it appears from the findings that as early as the year 1818, a division fence was erected to replace a former fence which had gone to decay. This fence included the premises in controversy within the inclosure of the plaintiff's grantors and predecessors in interest. There is nothing to show that from 1818 to 1866 there was any controversy in respect to the location of the fence, or that it was not acquiesced in as the proper dividing line between the two lots. On the contrary, the Court finds that it " remained as a division fence between these lots until the summer of 1866." But in June, 1846, the defendant, Juana Pacheco, presented her petition to the Alcalde, setting forth that " in virtue of having the solar of my house and land, which follow in depth to the acequia, eighty varas, and in front forty; all bought by my deceased father from deceased, Ygnacio Vallejo, and which papers (deeds) of sale have been mislaid. I hope you will be pleased to extend to me the possession of the same." It appears from an endorsement on the petition, made by the Alcalde on the following day, that he proceeded to the house of the petitioner with the necessary witnesses, " and proceeded to the measurement by the front of her house, and there were measured forty varas; and in depth eighty up to the acequia; * * * and there being no opposition whatever, possession was given to her, which she asked as evidence, and the Judge of said pueblo gives it as having passed upon it as aforesaid; and that the measurements of the solar were fairly made by the measurers, and that it

may appear in all time and place, the assisting witnesses sign by the present Judge." The document is signed by the Alcalde and the witnesses, and was properly recorded in the Alcalde's books. The defendants contend that this was a grant, operative to vest the title; or, if not in terms a grant, that it is evidence of a previous grant. It is said that under the Mexican law an act of juridical possession is equivalent to the livery of seizin at common law, and presupposes a prior grant. But we do not find it necessary to determine the legal effect of the instrument, nor whether it was translative of title, or evidence of a prior grant. In whatever aspect it may be viewed, the fact remains that from 1846 to 1866, a period of twenty years, the division fence erected in 1818 continued to be the division fence, without controversy, so far as this record shows. It appears to have been acquiesced in as the proper dividing line between the lots. The plaintiff testified that in 1851, he and the defendant, Juana Pacheco, at their joint cost, renewed the fence, and that he remained in possession of the land in dispute until 1866, when the fence was removed during his absence, and without his consent. On the other hand, the defendant, Juana Pacheco, testified that the fence of 1851 was built by her at her sole expense, and by mistake was located too far to the south, and that when she discovered the mistake she had not the means to remove it prior to 1866. It was for the Court below to decide upon the credibility of the witnesses, and the finding was for the plaintiff on this point. Assuming, as we properly may, that at least from 1851 to 1866 the location of the fence, as a dividing line between the lots, was acquiesced in by the co-terminus owners, the defendants are estopped from controverting the correctness of the location. (*Sneed* v. *Osborn*, 25 Cal. 619; *McCormick* v. *Barnum*, 10 Wend. 104; *Adams* v. *Rockwell*, 16 Wend. 286, 302; *Perkins* v. *Gray*, 3 Serg. & Rawle, 132; *Hagey* v. *Detweiler*, 35 Penn. 412.)

Judgment and order affirmed. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.