[No. 7,412.—Department One.]

## JAMES BIGGINS *v.* CHARLES C. CHAMPLIN.

ACTUAL LOCATION—AGREED BOUNDARY LINE—ACQUIESCENCE—STATUTE OF LIMITATIONS—PATENT.—The plaintiff's grantor and the defendant proposing to build a division fence, the former pointed out a line to the latter as the correct line, and the fence was built accordingly; and the line thus practically located was recognized and acquiesced in by the parties interested for a period of about eighteen years:

*Held,* in an action of ejectment (a United States patent having issued for the land within five years before the commencement of the suit), that acquiescence for so long a time in the line as located was conclusive evidence of its correctness.

APPEAL from a judgment for the defendant and from an
VOL. LIX—8

order denying a new trial in the Superior Court of Sonoma County. PRESSLEY, J.

The Court found that upon an accurate survey and location of the lands conveyed by Vallejo to Munday according to the calls of the deed, the land in dispute would be included in that deed, and also in a deed to the plaintiff from Munday by the calls of that deed. It also found that the patent to Vallejo by the United States was issued on the 19th day of November, 1874. The complaint was filed November 7th, 1879.

*Charles F. Munday,* for Appellant.

There was no evidence to prove that Munday and defendant agreed to a practical location of the boundary line between them. The testimony shows that Munday simply pointed out what he thought was the line; but they did not enter into any agreement that the line thus pointed out should be the dividing line. This is not a case of uncertain or ambiguous boundary, and hence not a case in which a parol agreement fixing a boundary different from that laid down in the deeds would be valid. Where the lines and boundaries are fixed and can be identified a verbal agreement to fix the lines and boundaries differently is within the statute of frauds, and void. (*Nichol* v. *Lytle,* 4 Yerg., Tenn., 456; S. C., 26 Am. Dec. 240; *Vosburg* v. *Teator,* 32 N. Y. 561; *Waugh* v. *Waugh,* 28 id. 94; *Emerick* v. *Kohler,* 29 Barb. 165; *Turner* v. *Baker,* 27 Am. Rep. 244.) Neither is this a case of disputed boundary. (*Patten* v. *Stitt,* 6 Robt., N. Y., 431; *Smith* v. *McNamara,* 4 Lans., N. Y., 169.) Even if there had been an agreement between Munday and Champlin fixing the boundary line, the evidence shows that it was made under a mistake of facts, and therefore not binding on either party. (*Kincaid* v. *Dormey,* 51 Mo. 552; 3 Washburn on Real Prop., 3d ed. 81-84; *Perkins* v. *Gray,* 8 Am. Dec. 653; *Kip* v. *Norton,* 12 Wend. 127; S. C., 27 Am. Dec. 120; *Coon* v. *Smith,* 29 N. Y. 392; *Knowlton* v. *Smith,* 36 Mo. 507; *Liverpool Wharf* v. *Prescott,* 7 Allen, 494; *Hubbell* v. *McCulloch,* 47 Barb. 287.) Where there can be no real doubt as to how the premises should be located according to certain and known

boundaries described in the deed, to establish a practical location different therefrom, which shall deprive the party claiming under the deed of his legal rights, there must be a location which has been acquiesced in for a sufficient length of time to bar an entry under the Statute of Limitations in relation to real estate. (See *Adams* v. *Rockwell,* 16 Wend. 302, overruling the case of *Rockwell* v. *Adams,* 7 Cow. 761, cited in the opinion of the Court below. *Ball* v. *Cox,* 7 Ind. 453; *Crowell* v. *Bebee,* 10 Vt. 33; S. C., 33 Am. Dec. 172; *Gray* v. *Couvillon,* 12 La. An. 730; *Liverpool Wharf* v. *Prescott,* 7 Allen, 494; *Smith* v. *McNamara,* 4 Lans., N. Y., 169. Opinion of Justice Rhodes in *Sneed* v. *Osborn,* 25 Cal. 631; *Hastings* v. *Stark,* 36 id. 122.) It is now a well-settled rule in this State that a person claiming under a Mexican grant shall have five years from the issuance of the patent by the United States in which to bring ejectment. (*Gardiner* v. *Miller,* 47 Cal. 570; *Galindo* v. *Wittenmeyer,* 49 id. 12; *Henshaw* v. *Bissell,* 18 Wall. 255; *Mongomery* v. *Bevans,* 1 Saw. 653; *Le Roy* v. *Carroll,* 3 id. 66; *Manley* v. *Howlett,* 55 Cal. 98, and cases there cited.)

*George A. Johnson* and *Barclay Henley,* for Respondent, cited *McGee et al.* v. *Stone et al.,* 9 Cal. 600; *Sneed* v. *Osborne,* 25 id. 619. When the owners of adjoining lands have agreed upon or acquiesced for a considerable time in the location of a division line between their lands, although it may not be the true line according to the calls of their deeds, they are thereafter precluded from saying it is not the true line. "The division line, when thus established, attaches itself to the deeds of the respective parties." If by a mistake of the parties "one deed is in that manner made to include more than the calls of the deed would actually require, the grantee of the deed holds the excess by the same tenure that he holds the main body of his lands." (*McCormick* v. *Barnum,* 10 Wend. 104; *Jackson* v. *Corleur,* 11 Johns. 123; *Perkins* v. *Gay,* 3 Serg. & R. 327; S. C., 8 Am. Dec. 653; *Hagey* v. *Derweiler,* 35 Penn. 412; *Blair* v. *Smith,* 16 Mo. 273; *Jackson* v. *Ogden,* 4 Johns. 143; S. C., 7 id. 242; *Jackson* v. *Gardner,* 8 id. 406; *Jackson* v. *Suffern,* 12 Wend. 421; *Turner* v. *Baker,* 64 Mo. 218; *Baldwin* v. *Brown,* 16 N. Y. 359; *Taylor* v.

*Zepp*, 14 Mo. 482; *Hayes* v. *Livington*, 34 Mich. 384; Code Civ. Proc., § 1962.) That five years had not run at the commencement of the suit from the time of issuing the patent, is a false quantity in the case. (*Columbet* v. *Pacheco*, 48 Cal. 395; *Móyle* v. *Connolly*, 50 id. 295; *Kip* v. *Norton*, 12 Wend. 127; S. C., 27 Am. Dec. 120; *Hastings* v. *Stark*, 36 Cal. 126.)

ROSS, J.:

This case involves the right to a strip of land embracing one acre and a fraction. The plaintiff claims it as a part of his tract, and the defendant as a part of his. Both plaintiff and defendant deraign title from M. G. Vallejo, who was the grantee from the Mexican Government of the Petaluma Rancho, situated in Sonoma County. The tract claimed by the plaintiff was, on the 20th of August, 1856, conveyed by Vallejo to one Munday, who entered into possession of it, and continued in possession until September 24th, 1864, when he conveyed it to the plaintiff. July 7th, 1856, Vallejo conveyed the tract claimed by the defendant to one Nancy Hinckston. Although this deed antedated the one to Munday, it called for the eastern boundary of the Munday tract as a boundary of the land conveyed by it. On the 4th of October, 1856. Nancy Hinckston conveyed to the defendant the tract acquired by her from Vallejo. The defendant thereupon took possession of it, and has ever since remained in possession.

It having been proposed to build a division fence between the tracts, Munday and the defendant, in February or March, 1859, went upon the ground for the purpose of locating the dividing line with a view to building the fence. Munday pointed out a line to the defendant as the correct line. Defendant thereupon built the part of the fence he was required to build, on the line so pointed out—Munday building the other portion.

The line thus practically located has been recognized and acquiesced in ever since as the true dividing line between the two tracts, by the defendant and by Munday, while he owned the Munday tract, and afterwards by the plaintiff until the year 1877—a period of about eighteen years. Under such circumstances, it makes no difference that the parties, in making the location, acted under a mistake as to the true line.

Acquiescence for so long a time in the line as located is con-
clusive evidence of its correctness. (Columbet v. Pacheco, 48
Cal. 395; Sneed v. Osborn, 25 id. 626; Baldwin v. Brown,
16 N. Y. 359; Reed v. Farr, 35 id. 113.)

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.