[No. 6,949.—Department One.]

## J. B. H. COOPER v. R. J. VIERRA.

PRACTICAL LOCATION—BOUNDARY—PATENT.—Where coterminous proprietors of land, in good faith, agree upon, and fix and establish a boundary line between their respective tracts of land, in which they acquiesce and under which they occupy, for a period of time longer than that prescribed by the Statute of Limitations, the rights of a subsequent grantee of any one of the parties who acquires title to the land as bounded by the line established, can not be called in question by the other.

APPEAL from a judgment for the defendant and an order denying a motion for a new trial in the Superior Court of Monterey County. ALEXANDER, J.

Ejectment. A petition for hearing in bank was filed in this case after judgment and denied.

S. M. Swinnerton, for Appellant.

S. F. Geil and W. M. R. Parker, for Respondent.

McKEE, J.:

From the year 1854, until the year 1862, the plaintiff and one Prewitt, the grantor of the defendant, were owners and occupants of adjoining lands separated by a division fence. Some dissatisfaction existing, because it was believed that the fence did not conform to the true division line, the parties, in the spring of 1862, by mutual consent, had the fence removed, and reconstructed it upon a line which they agreed upon as the true and correct boundary line of their respective tracts of land; and thereafter either recognized the other as the owner of the land, and used and occupied his respective tract, up to the line of the fence, as the boundary line between them.

This continued until the year 1874, when the plaintiff asserted and claimed that the fence was not on the true boundary line, as indicated by the United States survey and patent of the ranch of the plaintiff. Meanwhile, however, Prewitt, on the 2d of September, 1871, had sold and conveyed his tract to the defendant by the fence line between the land of himself and the plaintiff, and the defendant immediately entered into possession of the same under his deed, and continued in the undisputed use and enjoyment of the land, up to the fence, until the commencement of this action against him in 1879.

The line having been settled by the acts and acquiescence of the respective owners on each side of it, the plaintiff is estopped, as against the defendant, from denying that it was the true boundary line. Where coterminous proprietors of land, in good faith, agree upon and fix and establish a boundary line between their respective tracts of land, in which they acquiesce, and under which they occupy, for a period of time longer than that prescribed by the Statute of Limitations, the rights of a subsequent grantee of any one of the parties, who acquires title to the land as bounded by the fence, cannot be called in question by the other. (*Sneed* v. *Osborn*, 25 Cal. 619; *Columbet* v. *Pacheco*, 48 id. 395; *Moyle* v. *Connelly*, 50 id. 295; *Burdick* v. *Heivly*, 23 Iowa, 515.)

Judgment affirmed.

McKINSTRY, J., and ROSS, J., concurred.