A. D. TRUSSEL, PLAINTIFF IN ERROR, V. GEORGE LEWIS, DEFENDANT IN ERROR.

1. **Boundary Lines.**  T. and H., the owners of a fractional half section of land, in 1864 agreed upon an equal division of the tract and established a line upon which a hedge was set out, and fence erected, and both parties cultivated up to and made improvements upon their respective tracts with reference to this line. Both parties sold and conveyed their respective interests in the land, the grantees having knowledge of the agreement. *Held,* That the line thus established would be sustained, particularly in view of the fact that there was testimony tending to show that the action was barred.

2. ———:  STATUTE OF LIMITATIONS.  Where the true line can be ascertained, and parties by mistake agree upon an erroneous line as their boundary, believing it to be the true line, they will not be concluded by such agreement from claiming to the true line when discovered, unless the statute of limitations has run, or equitable reasons exist for establishing the erroneous line.  But if the true line cannot be ascertained with certainty, then an agreement establishing a line of division will be sustained.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*A. R. Scott* and *C. Gillespie,* for plaintiff in error, cited: *Hubbel v. McCulloch,* 47 Barb., 287.  *McAfferty v. Conover,* 7 Ohio State., 104.  *Smith v. McNamra,* 4 Lans., 169.

*Smith v. Hamilton,* 20 Mich., 438.    *Yates v. Shore,* 24 Ill., 367.    *Prescott v. Nevey,* 4 Mason, 326.    *Bailey v. Carlton,* 12 New Hamp., 1.    *Horbach v. Miller,* 4 Neb., 32. *Hodges v. Eddy,* 38 Vermont, 345.

*J. H. Broady,* for defendant in error cited: 3 Wash. Real Property, 367, sec. 54.    *Revere v. Leonard,* 1 Mass., 91. *Wuesthoff v. Seymour,* 22 N. J. Eq., 66.    *Boyd v. Graves,* 4 Wheat., 513.    *Laverty v. Moore,* 33 New York, 658. *Wakefield v. Ross,* 5 Mass., 16.    *Gove v. White,* 23 Wis., 282.    *Smith v. Hamilton,* 20 Mich., 433.    *Hagey v. Detwiler,* 35 Penn. State, 409.

MAXWELL, J.

This is an action of ejectment brought by Lewis against Trussel in the district court of Richardson county, to recover possession of thirteen acres of land on the west side of the northeast quarter of sec. 6, town. 3, range 16, in Richardson county.    The case was submitted to the court without the intervention of a jury and judgment rendered in favor of Lewis.    It appears from the record that in the year 1860 the United States conveyed to Amelia Deroin, a half-breed Indian, the north half of sec. 6, township 3, range 16 east, which contained 295.95 acres.    Amelia being a minor, her guardian in 1864 sold and conveyed to one Trowbridge the northeast quarter of section 6, township 3, range 16, and to one Hamsberry the northwest quarter of the section.    Trowbridge and Hamsberry entered into possession.    Whether the quarter section line running north and south through the section was known at that time or not, does not clearly appear; but Trowbridge and Hamsberry employed the county surveyor and caused a line to be run across said half section at a point equidistant between the east and west lines, and agreed that this should be the division line between them.    They also set

a stone into the ground at each corner and stakes every twenty rods as monuments. Trowbridge set out a hedge on this line for a division fence, and a rail fence seems to have been built thereon as a division fence. Both parties cultivated to this fence, while Hamsberry erected a house immediately west of the fence, and set out an orchard the east side of which extended to the fence. In 1867 Trowbridge and wife conveyed the northeast quarter of the section to one Danes, who was informed of the actual boundary before purchasing. In 1876, Danes and wife conveyed to the plaintiff. In 1867, Hamsberry and wife conveyed the northwest quarter to one Arnold, who in 1877 conveyed to the defendant. Between 1872 and 1876 Danes notified Arnold that the line agreed upon by Trowbridge and Hamsberry was not the true line and claimed the land to the quarter section line. There seems to have been an attempt at arbitration, but the award was not carried out by either party. The northeast quarter contains twenty-six acres more than the northwest, and the division line, as agreed upon by Trowbridge and Hamsberry, runs east of the true line about seventeen rods, taking about thirteen acres from the northeast quarter and adding it to the northwest and making an equal division of the fractional half section.

The question to be determined is the validity of the agreement between Trowbridge and Hamsberry. There is testimony in the record tending to show that Trowbridge and Hamsberry purchased the land in question under an agreement with the administrator, that it was to be equally divided. There is also testimony tending to show that the grantees of Hamsberry were in possession more than ten years before being disturbed in the possession, so that a perfect title was acquired by adverse possession.

Whether owners of adjoining lands, having agreed upon a dividing line between them, and built fences upon the line agreed upon, are estopped from changing the line if after-

wards it is found to not conform to the true line, is a question upon which the courts are somewhat at variance. Thus in *Laverty v. Moore*, 32 Barb., 347, where two adjoining owners of land covered with water, which they were about to fill, agreed upon a line between them, and one of them thereupon filled his part to the line agreed upon, it was held that the other was estopped to deny that the line agreed upon was the true one. And in *Burdick v. Heivley*, 23 Iowa, 515, where the parties by mistake had occupied up to a dividing fence on each side for the period of limitation, the bar of the statute was held to be complete.

In the case of *Yetzer v. Thoman*, 17 Ohio State, 130 it was held that where one of two proprietors respectively of adjoining lands holds actual, continuous, notorious, and exclusive possession up to a certain line, though not originally the true one, for the full period of twenty-one years, the statute of limitations applies in his favor and against the adjoining proprietor, although such mistake may have grown out of the mutual mistake of the parties as to the true line between them.

In *McAfferty v. Conover*, 7 Id., 99, it was held that where adjoining proprietors under a mutual mistake occupy up to and acquiesce in a line other than a true one for a period less than the limitation fixed by statute, neither party as a general rule is estopped to assert title to the true line. The rule seems to be that if parties by mistake agree upon a line between them, believing it to be the true one, and afterwards the true line is found, the parties will not be estopped to claim to the true line unless the action is barred by the statute, or some equitable ground of estoppel exists. In other words, if a line, not the true one, is agreed upon under a mistake of fact, the parties will not be precluded from making the proper correction and establishing the true line. Where, however, the line is ambiguous and uncertain, if the parties agree upon a line, and mutually

enter upon the occupancy of their lands in conformity thereto, and make improvements thereon, they will be estopped from disputing the line thus agreed upon. *Joice v. Williams*, 26 Mich., 332. *Smith v. Hamilton*, 20 Id., 438. *Kip v. Norton*, 12 Wend., 127. *Huston v. Sneed*, 15 Tex., 307. *Davis v. Townsend*, 10 Barb., 333. *Knowles v. Toothaker*, 58 Me., 174.

In the case at bar the testimony tends to show that Trowbridge and Hamsberry agreed upon the line established by them for the purpose of dividing the fractional half section into two equal parts, and that the line agreed upon makes an equal division. The division was known to all the subsequent grantees of both parties, and they purchased with reference to the same. This is not a case where a mutual mistake was made as to the true line, but where the paties agreed that the land should be divided evenly without regard to the true line. This, therefore, is not a case calling for correction of a mistake, but rather to sustain an agreement which has been fully executed. We think the testimony fully sustains the agreement, and the line as established by Trowbridge and Hamsberry must be sustained, particularly in view of the fact that there is testimony tending to show that more than ten years elapsed before the validity of the agreement was questioned. The judgment is fully sustained by the evidence, and is affirmed.

JUDGMENT AFFIRMED.