[Department One.—May 11, 1883.]

JOHN T. JOHNSON, APPELLANT, *v.* WILLIAM BROWN ET AL., RESPONDENTS.

EJECTMENT—ADVERSE POSSESSION.—A continuous adverse possession of land for five years vests the occupant with title.

ID.—AGREED BOUNDARY.—Where the owners of adjacent parcels of land recognize a particular line as the boundary between their respective parcels, and hold possession adversely in conformity to such line for more than five years, each is estopped from afterwards questioning the line so recognized as the true boundary.

ID.—PAYMENT OF TAXES.—The provision of the Code requiring the payment of taxes as an element of adverse possession, has no application where the Statute of Limitations had run prior to the adoption of that provision. A title acquired under the statute cannot be divested by a subsequent enactment.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The facts are stated in the opinion of the court.

*C. V. Grey,* for Appellant.

*Leonard Reynolds,* for Respondents.

The authorities are abundant to the point that when the owners of adjoining lands have acquiesced for a considerable time in the location of a division line between their lands, although it may not be the true line according to the calls of their deeds, they are thereafter precluded from saying it is not the true line. (*Sneed* v. *Osborn,* 25 Cal. 626.)

When a grantee of a lot in San Francisco, by mistake and in good faith, takes possession of a strip adjoining his lot, and remains in the adverse possession of it for five years subsequent to the Act of April 18, 1863, such adverse possession would bar an ejectment. (*Grimm* v. *Curley,* 43 Cal. 250; *Stuyvesant* v. *Dunham,* 9 Johns. 61; *Columbet* v. *Pacheco,* 48 Cal. 395; *McCormick* v. *Barnum,* 10 Wend. 104; *Adams* v. *Rockwell,* 16 Wend. 286; *Baldwin* v. *Brown,* 16 N. Y. 359; *Reed* v. *Farr,* 35 N. Y. 113; *Biggins* v. *Champlin,* 8 Pac. C. L. J. 811.)

McKEE, J.—Ejectment to recover a strip of land about a foot wide and a hundred feet deep.

The case shows that the land formerly belonged to the plaintiff, as part and parcel of a tract of land one hundred feet wide and one hundred feet deep, situate on the Potrero Nuevo in the city and county of San Francisco. In October, 1870, the plaintiff, being then the owner of the tract, sold to the defendant a lot twenty-five feet wide and one hundred feet deep, off the southern side of the tract. At the time of the sale he pointed out a fence on the southern side as the southern line of the tract. The defendant, after he had received his deed for his lot, entered within that fence, and with a pole and tape

line measured off, northerly from the end of the fence, a distance, as he supposed, of twenty-five feet front. The measurement included the strip of land in controversy, but the fact was not known to the plaintiff or the defendant. The former was not present at the measurement, but he was immediately informed of it by the latter, and he recognized it and acquiesced in it as correct. At all events, being coterminous proprietors, it was then agreed between them that if the defendant would build his house close up to the supposed division line, the plaintiff would build a fence along the line from the house to the rear line of the lots. The house and fence were, in fact, built by the respective parties, and formed what was supposed to be the northern line of the defendant's lot; and that line in connection with the fence on the southern side made an enclosure of the lot within which the defendant has resided, occupying to the lines of both fences, continuously and adversely to the plaintiff, as adjacent proprietor, from October, 1870, until the commencement of the action in June, 1878. This adverse possession of the land vested the defendant with title. (*Cannon* v. *Stockmon,* 36 Cal. 539; *Arrington* v. *Liscom,* 34 Cal. 381; *Langford* v. *Poppe,* 56 Cal. 73.)

Besides, where owners of adjacent parcels of land have occupied, adversely to each other for more than five years, their respective tracts by a division line, which each has recognized and acquiesced in as the true line, during all of that time, either is estopped from afterwards questioning it as the true line. (*Sneed* v. *Osborn,* 25 Cal. 626; *Columbet* v. *Pacheco,* 48 Cal. 395; *Moyle* v. *Connolly,* 50 Cal. 295; *Biggins* v. *Champlin,* 59 Cal. 113; *Cooper* v. *Vierra,* 59 Cal. 282.)

Evidence as to the payment of taxes by plaintiff on the adjacent lot of seventy-five feet front, which remained to the plaintiff after he had conveyed to the defendant, was properly excluded. The evidence was immaterial. The defendant was not bound to prove that he had paid the taxes levied on the strip of land in dispute, to establish his adverse possession of it; for the statute requiring the payment of taxes as an essential element of adverse possession was not passed until April, 1878, three years after the Statute of Limitations had run in his favor. The title acquired under the Statute of Limitations before the passage of

the law could not be divested by the law.    (*Sharp* v. *Blankenship*, 59 Cal. 288.)

Order affirmed.

Ross, J., and McKinstry, J., concurred.