[No. 12236. In Bank. — May 19, 1888.]

## J. E. HUGHES, APPELLANT, *v.* C. C. WHEELER, RESPONDENT.

EJECTMENT — JUDGMENT FOR DEFENDANT WHEN NOT CONCLUSIVE ON TITLE. — In an action of ejectment, a judgment in favor of the defendant for costs, rendered upon a special verdict that the plaintiff was the owner and entitled to the possession of the land, and that the defendant had not, prior to the commencement of the action, withheld the same from him, is not conclusive against the plaintiff as to his title.

PLEADING — ESTOPPEL — APPEAL. — The sufficiency of the manner in which an estoppel is pleaded will not be reviewed on appeal, when the plea was treated at the trial as properly made and sufficient.

INSTRUCTIONS — IMMATERIAL ERROR. — An error of law in an instruction is immaterial, if it appears that the verdict is nevertheless necessarily correct upon the evidence, or that a new trial must have been granted had the jury not returned the verdict it did.

ID.— REPEATING TESTIMONY TO JURY. — In the absence of any showing to the contrary, it will be presumed that the action of the court, in permitting a portion of the testimony to be read to the jury when they had returned for further instructions, was without prejudice.

EVIDENCE — OBJECTION HOW MADE. — An objection to the admission of evidence will not be considered on appeal, unless the ground of the objection was made known to the court on the trial.

ESTOPPEL — INSTRUCTIONS. — Certain instructions on the subject of estoppel, *held* correct.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The action was brought to recover the possession of a quarter-section of land.   On the trial the court, *inter alia,* instructed the jury as follows: "If you believe from the evidence that plaintiff, before this action was brought, by unequivocal acts and declarations, showed an intention to act upon the line claimed by defendant as the dividing line between the lands, and silently stood by and saw defendant expend money in improving his land, such acts upon the part of plaintiff estop him from claiming that defendant does not own the land upon which he has expended money and made his improvements. Where a proprietor points out to a neighbor, on land adjoining his own, a line as the true boundary, acquiescing and assisting in a settlement and improvements thereon, he is thereby estopped from afterwards asserting claim to the lands covered by the improvements, though a subsequent survey prove it to be his own land. In a dispute between adjoining proprietors of land, it may be settled between them by a location made by both, or made by one and acquiesced in by the other for so long a time as to be evidence of an agreement as to the line."   The further facts are stated in the opinion.

*W. D. Grady,* for Appellant.

*S. J. Hinds,* and *Shaw & Dameron,* for Respondent.

FOOTE, C.—Action in ejectment.   The jury found, upon particular questions of fact submitted to them,— 1. That the plaintiff was the owner and entitled to the possession of the quarter-section of land described in the complaint; 2. That the defendant at no time prior to the commencement of the action withheld any portion of that quarter-section of land from the plaintiff; —and returned a general verdict for the defendant.

Thereupon a judgment for costs was rendered in favor

of the defendant. From that and an order refusing a new trial the plaintiff appeals.

The plaintiff contends that the judgment for costs is conclusive against him, as to his title to the land described in the complaint, and being opposed to the admissions of the defendant on the trial, cannot stand.

In this he is mistaken. The judgment itself is one for costs, and by reference to the record and special verdicts of the jury it is made evident that the only matter which is made conclusive by the judgment against the plaintiff is, that the defendant is not in possession of, and does not withhold possession of, any of the land for which the plaintiff brought his action.

Some of the evidence to sustain the special verdict of the non-withholding by the defendant of the plaintiff's land is to the effect that some years prior to the institution of this suit, the parties thereto, owning adjoining parcels of land, established by agreement or acquiescence the division or boundary line between them, and that the strip of land which the plaintiff sought to recover was upon the defendant's side of that line, and therefore not within the description of the land for which the action was begun.

The plaintiff contends that no such evidence was admissible under the pleadings, because, as he alleges, no proper plea of estoppel was filed by the defendant.

But we think that a plea was set up by the papers filed on suggestion of diminution of record. The amendment by which this plea was set up was treated at the trial as properly made and as sufficient; and it is now too late to question its sufficiency. (*Davis* v. *Davis*, 26 Cal. 23; 85 Am. Dec. 157.)

If the evidence was admissible under the issues, it was proper for the jury to render a verdict thereon, and for the court to give them proper instructions for their guidance.

All the evidence in this case upon the point tended to

show that the corner post upon the dividing section line between the tracts of land of the parties, as fixed by the United States survey, was the corner upon the dividing line which was claimed to have been established by agreement or acquiescence. The stake put into the ground by the United States surveyor marked this corner, and it became the true corner of the section line. (Rev. Stats., sec. 2396.)

According to the provisions contained in the section *supra*, it appears that the lines of subdivisions as well as sections are thus established by law. (*Chapman* v. *Polack*, 70 Cal. 494.)

It is said that a section line of United States government land is not ascertained by the survey, but is created. (*Robinson* v. *Forrest*, 29 Cal. 325.)

The line about which the dispute arose in this case was one which had been created by the original survey under authority of the government, and hence no agreement or acquiescence between the parties as shown in this case could have made any difference as to the fact of where the true dividing line ran between their respective tracts of land. Therefore the verdict of the jury must have been in favor of the defendant, according to the showing of all parties.

If this be so, it would seem to be unnecessary to determine whether the instructions of the court were right or wrong as to the existence of an agreement to fix the line made by the parties or their long acquiescence in its establishment. (*Enright* v. *S. F. & S. J. R. R. Co.*, 33 Cal. 233.)

Where the court lays down an erroneous principle of law, but it appears that nevertheless the verdict of the jury is necessarily correct upon the evidence before them, or where, as in this case, a new trial should have been granted if the jury had not returned the special verdict, the error is harmless. (*Robinson* v. *W. P. R. R. Co.*, 48 Cal. 424, 425.)

The other instructions complained of are correct.

(*Sneed* v. *Osborn,* 25 Cal. 619; *Columbet* v. *Pacheco,* 48 Cal. 395; *Biggins* v. *Champlin,* 59 Cal. 116, 117; *Truett* v. *Adams,* 66 Cal. 223; *Johnson* v. *Brown,* 63 Cal. 393; 2 Hermann on Estoppel, secs. 1129–1136.)

The evidence fully sustains the verdict of the jury, notwithstanding the plaintiff's contention to the contrary.

The objection made to the instruction given the jury, on their return into court for further enlightenment on a point of law, is untenable, the instruction being, as we have before shown, upon a matter which, whether it existed as a fact in the case or not, could have made no difference in their verdict.

It is also assigned for error that at the time when the jury were thus reinstructed upon a given point by the court, a portion of certain testimony was read to them from the shorthand reporter's notes, which had been delivered by a witness on the trial, Mr. Choice.

It does not appear what portion of the testimony was thus read; hence it is impossible to ascertain that it had any prejudicial effect on the jury. And in the absence of anything going to show to the contrary, it must be presumed that the action of the court in the premises was unobjectionable. Error must be affirmatively shown by the record. (Hayne on New Trial and Appeal, sec. 285, p. 843.)

It is further contended that the court erred in allowing a certain question to be propounded by the defendant's counsel to Mr. Tielman. It is sufficient to say that the ground of the objection not having been made known to the court, the objector cannot be heard to complain that the question was allowed to be put.

The record disclosing no prejudicial error, we advise that the judgment and order be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.