SCOTT W. KIMES, APPELLANT, v. EDWIN R. LIBBY, APPELLEE.

FILED JUNE 10, 1910. NO. 16,035.

1. **Boundaries:** MISTAKEN LOCATION: CONCLUSIVENESS. Where the true line between coterminous tracts of land can be ascertained, and the owners of the real estate by mistake agree upon an erroneous boundary, believing it to be the true line, they will not be concluded thereby from claiming to the correct line when

discovered, unless the statute of limitations has run, or equitable reasons exist for adhering to the erroneous line.

2. **Adverse Possession:** PUBLIC LANDS: RIGHTS OF ENTRYMAN. The statute of limitations will not run in favor of an occupant of land the title whereof is in the United States as against the entryman, until the latter's right to a patent has been completed by the performance on his part of every act entitling him to that conveyance.

3. **Boundaries:** LOCATION: ESTOPPEL. The evidence in this case examined in the opinion, and *held* insufficient to bar the defendant from asserting title to all of the real estate described in his patent therefor.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*J. B. Smith,* for appellant.

*N. D. Jackson* and *C. H. Kelsey, contra.*

ROOT, J.

This is an action to quiet in plaintiff title to about 15 acres of land. The defendant in his answer prayed for like relief and prevailed. The plaintiff appeals.

The plaintiff in 1884, entered as a homestead under the federal law the east half of the southwest quarter of section 5, in township 25 north, of range 8 west, in Antelope county, and other lands, and his patent was issued in March, 1892. About 1884 the defendant entered the west half of the southwest quarter of said section under the acts of congress relating to timber culture. He became entitled to a patent in 1894, and it was issued in 1895. In 1885 the plaintiff and the defendant employed the county surveyor, a Mr. McGee, to locate the line dividing their respective eighties, and subsequently occupied and cultivated their holdings with respect to the line established by that official. In 1889 or 1890, the proof is not convincing as to the exact date, the litigants constructed a fence upon the line established by Mr. McGee. In 1902 the defendant caused Mr. Staples, the county surveyor of

Antelope county, to resurvey the defendant's farm, and said official located the dividing line between the east and west half of the southwest quarter about 15 rods east of the line established by McGee. To this point there is no conflict in the evidence, but from thenceforward the testimony is conflicting. The plaintiff testifies that the parties hereto agreed that McGee should establish the line and each landowner would abide thereby. The plaintiff further testifies that in 1902 he was coerced into moving his fence and did not at that time know his rights in the premises. The further claim of title by adverse possession to the tract of land in dispute is advanced by the plaintiff.

Concerning the McGee survey, the evidence is satisfactory that the parties did not know the location of the dividing line between their farms; that they ac.. .ed that survey as satisfactory evidence of the true line, acted in accordance therewith, but made no specific agreement to abide by McGee's survey. The evidence further proves that Staples', and not McGee's, survey established the true line between the litigants' farms. McGee admits he did not have all of the government field notes with respect to this section at the time he made his survey, and his description of the methods employed by him in locating the line between the litigants' respective farms does not evidence the care taken by Mr. Staples while engaged in the same task. It is undisputed that the southwest government corner to section 5 and the quarter corner on the south side of the section are not evidenced by any monuments or pits created by the government surveyors, and that there are no such monuments or pits to indicate the corners of many of the interior sections in the township. Mr. Staples devoted about three days to surveying in the township in order to locate the line in dispute. He located the government corners one mile west, one mile north, three miles south, and five miles east, respectively, from the southwest corner of section 5, and checked his measurements and lines by the location of other estab-

lished government corners. There was nothing other than Mr. McGee's insufficient data and hasty work to prevent the parties in 1885 from locating the line between their farms.

The rule applicable to this state of facts is stated in *Trussel v. Lewis*, 13 Neb. 415: "Where the true line can be ascertained, and parties by mistake agree upon an erroneous line as their boundary, believing it to be the true line, they will not be concluded by such agreement from claiming to the true line when discovered, unless the statute of limitations has run, or equitable reasons exist for establishing an erroneous line." The first exception to the general rule is asserted by the plaintiff to establish title in himself to the strip of land in dispute because 17 years passed subsequent to the 1885 survey before he was disturbed, and in the meantime he had occupied the real estate and enjoyed the profits arising therefrom. It appears, however, that until 1895 the legal title to this land was in the United States, and until July, 1894, the defendant had not complied with the timber culture law so as to entitle him to a patent. Under these circumstances the statute of limitations did not commence to run in the plaintiff's favor until July, 1894. *Mills v. Traver*, 35 Neb. 292. The defendant resumed possession of the land in 1902, and title by adverse possession did not vest in the plaintiff.

We think no equitable reasons exist for adhering to the erroneous line. No improvements other than a fence were constructed because the line was erroneously located by McGee, and the plaintiff had the same means that were accessible to the defendant to ascertain the correct boundary. The fact is also established, by a fair preponderance of the evidence, that before the 1902 survey was closed the plaintiff in a conversation with the defendant in the presence of the surveyor and his assistants recognized the later survey as the correct one and agreed to move his fence. Within about two weeks he voluntarily moved that fence to the line established by the Staples' survey,

and until 1907, when this suit was commenced, acquiesced in the later line as the correct boundary. The defendant voluntarily relinquished to his neighbor in section 6 a strip of land corresponding in width to that in suit in the instant case. The plaintiff has taken advantage of surveys made by Staples based upon the corners used as starting points in the Libby survey to secure from another neighbor possession of a tract of land theretofore occupied and claimed by that neighbor.

We can discover no equitable considerations to justify the plaintiff's present claim that the erroneous line established by Mr. McGee should be accepted in the place of the true one located by Mr. Staples and for five years recognized by all parties in interest as correct.

The judgment of the district court is right and is

AFFIRMED.